<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN MCADAM,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN BANKERS INSURANCE<br>COMPANY OF FLORIDA, *et al.*,<br><br>        Defendants. | Civil Action No. 25-12263 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant American Bankers Insurance Company of Florida's ("Defendant") Motion to Dismiss (ECF No. 9) Plaintiff John McAdam's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 17), and Defendant replied (ECF No. 18). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

## I.    BACKGROUND[1]

### A.    Factual Background

This matter involves a dispute about flood insurance coverage under the National Flood Insurance Program (the "NFIP").[2] (Compl. ¶ 1, ECF No. 1.) In or around December of 2010, Plaintiff purchased a Standard Flood Insurance Policy (the "SFIP")[3] from Defendant through co-defendant and broker, Nottingham Agency Inc. ("Nottingham"), for the property at 74 Alexauken Creek Road, Lambertville, NJ 08530 (the "Insured Property"). (*Id.* ¶¶ 1-2, 10.) Plaintiff's annual SFIP term ran from December 22nd of each year to the following year. (*Id.* ¶ 11.) The SFIP for December 2020 to December 2021 was for "$250,000 in coverage for the Insured

---

[1] For the purpose of considering Defendant's Motion to Dismiss, the Court accepts all factual allegations in the Complaint as true and considers exhibits attached to the Complaint and matters of public record. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (noting that the court can "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents" on a Federal Rule of Civil Procedure 12(b)(6) motion (citation omitted)).

[2] "The NFIP is a federally supervised and guaranteed insurance program presently administered by the Federal Emergency Management Agency ('FEMA')" created by Congress "to limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make flood insurance 'available on reasonable terms and conditions' to those in need of it." *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998) (citations omitted).

[3] An SFIP is a flood insurance policy for which "FEMA fixes the terms and conditions of the . . . policies, which, barring express written consent of the Federal Insurance Administrator, must be issued without alteration as a[n] [SFIP]." *Van Holt*, 163 F.3d at 165-66 (citations omitted).

Property's structure and $100,000 for the Insured Property's contents, for a combined total of $350,000." (*Id.* ¶ 12 (citing Ex. A to Compl. ("2020 Policy"), ECF No. 1-2).)[4]

On or about September 1, 2021, Hurricane Ida caused flood damage to Plaintiff's Insured Property. (*Id.* ¶ 15.) Within sixty days, Plaintiff filed an insurance claim under the SFIP reporting damage to the Insured Property "in excess of the total Policy limit of $350,000." (*Id.* ¶ 16.)

On October 29, 2021, Defendant mailed Plaintiff a "Revised Declaration" notice reducing coverage from $250,000 for the Insured Property's structure and $100,000 for the contents to $150,000 and $60,000, respectively. (*Id.* ¶ 17 (citing Ex. B to Compl. ("Revised Decl."), ECF No. 1-3).) In this correspondence, Defendant stated: "[t]he premium submitted with the application was insufficient for the amount of coverage requested [therefore] . . . . coverage [is] reduced to the amount [that] the submitted premium could purchase using those rates." (Revised Decl. *1.)[5] In the SFIP's "Coverage & Rating" section, Defendant provided the reason for reduced coverage: "THIS IS AN ELEVATED BUILDING. COVERAGE IS LIMITED BELOW THE LOWEST ELEVATED FLOOR. SEE PROPERTY NOT COVERED IN [SFIP]." (*Id.* at *4.) Defendant provided Plaintiff with the option to "remit an additional $134.00 . . . within 30 days . . . to increase the coverage to the 'Requested Coverage' amounts . . . . [at which time] the coverage w[ould] be

---

[4] "Because the polices [sic] and the denial letters are integral to and relied upon by the Complaint, this Court may consider them on a motion to dismiss . . . . [and since] the existence and terms of a SFIP are a matter of public record, this Court may consider those terms as well." *Berkzup Ridgefield, LLC v. Am. Bankers Ins. Co. of Fla.*, No. 21-14071, 2021 WL 5083820, at *1 n.3 (D.N.J. Nov. 1, 2021).

[5] Pages preceded by an asterisk reflect the number atop the ECF header.

increased to the originally requested limits effective at policy inception." (*Id.* at *1.) Plaintiff does not allege that he exercised his option to remit the additional payment. (*See generally* Compl.)

On November 29, 2021, Defendant mailed Plaintiff a second correspondence ("November Correspondence") with notification of a payout of $83,660.56 for the structure and $2,916.62 for the contents in accordance with the reduced coverage under the SFIP sent on October 29, 2021. (Compl. ¶ 20 (citing Ex. C to Compl. ("Nov. Correspondence"), ECF No. 1-4).) In this correspondence, Defendant wrote that the acceptance and denial of each claim was based on an "Independent Adjuster's" report. (*See* Nov. Correspondence *3.) With the denied claims, Defendant listed the specific items or areas of the home for which coverage was denied and cited the applicable SFIP provisions. (*See id.*) The last page of the correspondence included the following "Policyholder Rights":

> After you receive **a full or partial claim denial letter** from your insurer, you have several options available if you disagree with the claim denial . . . . [including filing a] suit within one (1) year of the denial of your claim. Federal law permits you to file suit in the Federal District Court where the damage occurred within one (1) year of when your insurer first denied **all or part of your claim** (42 U.S.C. § 4072; 44 C.F.R. § 62.22).

(*Id.* at *5) (emphasis added).

On January 26, 2024, Defendant mailed correspondence to Plaintiff to notify him of an additional payout of $12,524.57 for the Insured Property's contents. (Compl. ¶ 21 (citing Ex. D to Compl. ("Jan. Correspondence"), ECF No. 1-5).) On June 27, 2024, Defendant sent another correspondence for a payout of $12,043.26 for the Insured Property's structure. (*Id.* ¶ 22 (citing Ex. E to Compl. ("June Correspondence"), ECF No. 1-6).)

### B.    Procedural Background

Plaintiff filed the Complaint on June 27, 2025, asserting three causes of action: (1) breach of contract under the NFIP for "failure to operate in good faith and . . . refusal to pay the full value

4

of Plaintiff's flood loss claim" against Defendant ("Count One"); (2) breach of contract under N.J. Admin. Code § 11:1-22.2 for reduction of "Plaintiff's coverage under the Policy . . . only after a significant reported loss[]" against Defendant ("Count Two"); and (3) breach of contract against Nottingham arising from the procurement and handling of Plaintiff's SFIP ("Count Three"). (Compl. ¶¶ 27-49.) Defendant thereafter filed the instant Motion to Dismiss. (Def.'s Mot. to Dismiss, ECF No. 9.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 17), and Defendant replied (Def.'s Reply Br., ECF No. 18).

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure[6] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint

---

[6] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    DISCUSSION

Defendant moves to dismiss Counts One and Two of Plaintiff's Complaint. (*See generally* Def.'s Moving Br., ECF No. 10.) The Court addresses each claim in turn.

### A.    Breach of Contract Under the NFIP—Count One

Defendant[7] argues that Count One should be dismissed because Plaintiff failed to file the Complaint "within one year from [Defendant's] partial denial of the claims for Hurricane Ida flood damage to [the Insured Property]" per the terms and conditions of the SFIP and pursuant to federal regulation. (*Id.* at 10-11.)

In New Jersey, there is a six-year statute of limitations for all contractual actions which "generally governs insurance actions as well." *Biegalski v. Am. Bankers Ins. Co. of Fla.*, No. 14-6197, 2016 WL 1718101, at *4 (D.N.J. Apr. 29, 2016) (citing N.J. Stat. Ann. § 2A:14-1). While parties cannot contract to longer limitations periods, "New Jersey courts . . . have upheld reasonable contractual limitations provisions of one year or less[]" even where "the applicable

---

[7] Defendant is a "Write-Your-Own [WYO] Program carrier participating in the [NFIP][.]" (Def.'s Moving Br. 2, n.1.) FEMA established the WYO Program under which "private insurance companies like [Defendant] write their own insurance policies . . . . [and] regardless whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims." *Van Holt*, 163 F.3d at 165 (citations omitted).

6

statute of limitations exceeded those time frames." *Id.* (quoting *Martinez-Santiago v. Pub. Storage*, 38 F. Supp. 3d 500, 506-07 (D.N.J. 2014)).

Because the NFIP is a federal program, and "SFIP claims are ultimately paid by the United States government, all SFIPs must be identical to the form codified at 44 C.F.R. pt. 61, app. A(1)." *Migliaro v. Fid. Nat'l. Indem. Ins. Co.*, 880 F.3d 660, 662-63 (3d Cir. 2018). Moreover, "[t]he WYO Companies are bound to adjust claims in accordance with the terms of the SFIP . . . . [and] WYO carriers may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator." *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005) (citations omitted). The plain language of the SFIP's terms and conditions read as follows:

> [Plaintiff] may not sue [Defendant] to recover money under this policy unless [Plaintiff] ha[s] complied with all the requirements of the policy. **If [Plaintiff] do[es] sue, [Plaintiff] must start the suit within one year after the date of the written denial of all or part of the claim**, and . . . must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that [Plaintiff] may have under this policy and to any dispute that [Plaintiff] may have arising out of the handling of any claim under the policy.

44 C.F.R. Pt. 61, App. A(1), Art. VII(O) (emphasis added). The NFIP federal statute states that Plaintiff must file "within one year after the date of mailing of notice of disallowance or partial disallowance[.]" 42 U.S.C. § 4072.

Here, Defendant mailed Plaintiff correspondence notifying Plaintiff of a partial denial on November 29, 2021. (*See generally* Nov. Correspondence.) Plaintiff, however, did not file suit until June 27, 2025. (*See generally* Compl.) Plaintiff does not dispute the existence of the one-year statute of limitations, instead, Plaintiff asserts there is no reference in the November

correspondence to a *"**partial denial** or **incomplete payment*** as a triggering event[] to file a lawsuit." (Pl.'s Opp'n Br. 5 (emphasis in original).)[8]

The Court disagrees and finds that the correspondence dated November 29, 2021: (1) constitutes a partial denial of Plaintiff's insurance claim; and (2) clearly states that a partial denial is a triggering event to file a lawsuit. *See Lionheart v. Phila Contribution*, 368 F. App'x 282, 284-85 (3d Cir. 2010) (finding correspondence partially denying a claim "triggered" the SFIP's "one-year statute of limitations" thereby barring Plaintiff's untimely suit); *Malik v. Am. Bankers Ins. Co. of Fla.*, No. 23-16240, 2024 WL 1635687, at *4 (D.N.J. Apr. 16, 2024) (finding correspondence partially denying a claim "started the one-year statute of limitations" and "that a subsequent denial" does not re-start the tolling).

The November Correspondence explicitly states that Defendant has partially denied Plaintiff's insurance claim and details what rights Plaintiff had as a policyholder. (*See generally* Nov. Correspondence.) First, the correspondence listed the specific items or areas of the home for which coverage was denied and cited the applicable SFIP provisions for each denial. (*E.g.*, *id.* at *3 (noting that "the SFIP does not cover [] equipment, like electrical supply generators . . . unless the equipment is hard-wired and in an insured building as defined in the SFIP . . . . [therefore, Defendant is] denying coverage pursuant to the applicable policy section(s) listed below").)

---

[8] Plaintiff argues for the application of equitable tolling due to the "ambiguity" of a partial denial given the issuance of payments after the November Correspondence. (*See* Pl.'s Opp'n Br. 9.) In New Jersey, "[e]quitable tolling is traditionally reserved for limited occasions. These include: (1) [if] the defendant has actively misled the plaintiff[;] (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights[;] or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum[.]" *Biegalski*, 2016 WL 1718101, at *6 (second alteration in original) (quotations and citations omitted). Here, equitable tolling does not apply because Plaintiff did not allege any of these narrow exceptions in the Complaint, nor has he provided evidence of a qualifying circumstance under New Jersey law. (*See generally* Compl.)

Second, the correspondence included a section titled "Policyholder Rights" which listed "Actions Available When You Disagree with your Claims Settlement Amount" and included the statute of limitations for filing suit. (*Id.* at *5 ("Federal law permits you to file suit . . . within one (1) year of when your insurer first denied all or part of your claim[.]").)

The Court therefore finds that because: (1) the November Correspondence explicitly states that the claim was partially denied and that the applicable statute of limitations is one year; and (2) Plaintiff filed the Complaint two-and-a-half years after the statute of limitation period was triggered, dismissal of Count One of Plaintiff's Complaint is appropriate. *See Migliaro*, 880 F.3d at 668 (affirming that "suit was properly dismissed as time-barred" because the "complaint was filed almost two years after receiv[ing denial]"); *Malik*, 2024 WL 1635687, at *4-6 (granting motion to dismiss and finding that plaintiff's complaint was time-barred when filed over a year after receiving partial denial); *Berkzup*, 2021 WL 5083820, at *2-3 (granting motion to dismiss and finding plaintiff's complaint was time-barred when filed over two years after receiving denial).

The Court, accordingly, dismisses Count One of the Complaint.

**B.    Breach of Contract under New Jersey State Law—Count Two**

Defendant argues that Count Two should be dismissed because state claims under the NFIP are "preempted and unavailable against a WYO insurance carrier like [Defendant]." (Def.'s Moving Br. 15.) Plaintiff acknowledges that "all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA[]"

9

and are therefore preempted. (Pl.'s Opp'n Br. 12 (emphasis omitted) (citing 44 C.F.R. Pt. 61, App. A(1), Art. X).)[9]

Under the NFIP, because "a WYO insurer must strictly follow the claims processing standards set out by the federal Government[,] . . . . a WYO insurer may be unable to comply both with state law and with the federal guidelines that it is bound to follow." *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 270 (3d Cir. 2004). Due to this conflict, state claims related to handling and adjustment are preempted because "allowing [the plaintiff] to proceed on a state law claim would directly hinder Congressional objectives in creating a federally subsidized standard form of flood insurance." *Brusco*, 2014 WL 2916716, at *3 (citing *C.E.R.*, 386 F.3d at 270).

Plaintiff alleges that Defendant breached the contract and violated New Jersey law by "reducing Plaintiff's coverage" and "not reimburs[ing] Plaintiff for years of premiums[.]" (Compl. ¶¶ 40, 42.) Specifically, Plaintiff claims Defendant "wrongfully . . . breach[ed] its contractual obligation to provide agreed coverage for the Insured Property, by *reducing Plaintiff's coverage* . . . after a significant reported loss." (Compl. ¶ 40 (emphasis added).)

The Court finds that Plaintiff's New Jersey claim regarding the wrongful reduction in coverage is preempted because the allegations clearly "arose in the claims adjustment context, and it is well established that state-law claims relating to the adjustment of SFIP claims are preempted by the NFIP." *Eodice*, 2010 WL 11693193, at *8 (citing *C.E.R.*, 386 F.3d at 271-72); *see, e.g.*, *Brusco*, 2014 WL 2916716, at *4 (dismissing plaintiff's breach of contract claim under state law

---

[9] Plaintiff, however, asserts that "this provision . . . does not expressly preempt state law disputes relating to policy procurement." (Pl.'s Opp'n Br. 12.) While there is a split in authority regarding whether state law claims related to SFIP *procurement* are preempted, all allegations in the Complaint against Defendant are related to the handling and adjustment of Plaintiff's SFIP. (*See generally* Compl.); *see Eodice v. Selective Ins. Co. of Am.*, No. 08-151, 2010 WL 11693193, at *8 (D.N.J. Feb. 8, 2010). As a result, this Court "need not decide [the] issue" of "whether the NFIP preempts procurement fraud claims against WYO insurers." *Id.* at *8 (citations omitted).

10

after finding it preempted); *Neill v. State Farm Fire & Cas. Co.*, 159 F. Supp. 2d 770, 778 (E.D. Pa. 2000) ("[H]old[ing] that extra-contractual state-law causes of action related to the handling of claims under [NFIP] are preempted[.]"); *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007) (finding "tort claim[] expressly preempted by federal law because it arises from the handling of a claim under a [SFIP]").

The Court, therefore, dismisses Count Two of the Complaint.

## IV.    CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is granted. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: JULY 7th, 2026

11